UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                              :
CHARLES LUCAS,                                : CASE NO. 1:18-CV-01461
                                              :
            Plaintiff,                        :
                                              :
vs.                                           : OPINION & ORDER
                                              : [Resolving Doc. No. 1]
HON. CASSANDRA COLLIER-WILLIAMS,              :
ET AL,                                        :
                                              :
            Defendants.                       :
                                              :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Charles Lucas filed this civil rights action against Cuyahoga County Court of Common Pleas Judge Cassandra Collier-Williams and Ohio Eighth District Court of Appeals Judge Eileen Gallagher to challenge decisions they made in the course of his criminal trial and interlocutory appeals. He asserts claims under the First, Eighth, and Fourteenth Amendments, and seeks monetary damages.

### I. Background

Plaintiff was involved in several domestic violence incidents in Garfield Heights with his former fiancé Kimberly Parker. He indicates Parker shot at him through the bedroom door. She was arrested and charged with domestic violence and discharging a firearm in a dwelling. He obtained a restraining order against her. She later accused him of shooting into her house. Plaintiff was arrested and charged with attempted murder with firearm specifications, improper discharging a firearm at or into a habitation with a firearm specification, felonious assault with a

firearm specification, and breaking and entering. A jury found him guilty of these charges on January 22, 2018. He is waiting to be sentenced.

Plaintiff objects to decisions made by the Defendant Judges in the course of the criminal proceedings against him. He contends he proved to Judge Collier-Williams that he did not commit the crime and yet she failed to dismiss the charges against him. He claims she denied all of his Motions and ordered him to undergo a psychiatric evaluation to determine his competence to stand trial. He indicates she issued a bench warrant when he failed to appear at a pretrial hearing and ordered him to be jailed for one day as a sanction for violating curfew while on probation. He denies he violated curfew. Plaintiff claims Judge Collier-Williams denied him his right of self-representation, his right to speedy trial, and his right to procure witnesses to testify on his behalf. Plaintiff claims Judge Gallagher denied his interlocutory appeals, conspired with Collier-Williams to cover up his retained counsel's attempt to extort fee payment prior to trial, and denied his motions. He asserts claims for denial of access to the courts, due process and cruel and unusual punishment.

## II. Legal Standard

The Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a government agent or governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief.[1] A cause of action fails to state a claim upon which relief may be granted when it does not contain

---

[1] 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

2

enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[2] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[4] When reviewing the Complaint under § 1915A, the Court must read it in a way that is the most favorable to the Plaintiff.[5]

### III. Analysis

In this case, Plaintiff is suing two Judges and they are absolutely immune from civil suits for money damages.[6] They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.[7] For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.[8] A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.[9] Here, Plaintiff bases his claims on conduct the Defendants performed when they acting as judges and pertained to matters within

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[3] *Id.* at 678.
[4] *Id.*
[5] *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).
[6] *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).
[7] *Barnes*, 105 F.3d at 1115.
[8] *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.
[9] *Stump*, 435 U.S. at 356-57.

the subject matter jurisdiction of their respective courts. They therefore are entitled to absolute immunity.

### IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[10]

IT IS SO ORDERED.

Dated: October 5, 2018        *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[10]     28 U.S.C. § 1915(a)(3) provides:

>  An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.